ALBERT W. LARRANCE, Appellant, v. MISSOURI
PACIFIC RAILWAY CO., Respondent.

Kansas City Court of Appeals, February 7, 1910.

1. **CONTRIBUTORY NEGLIGENCE.** If the evidence fails to make any showing of contributory negligence on the part of the plaintiff, a trial court may so declare as a matter of law.

2. ————: **Mail Clerk.** Where a mail clerk riding in a mail car in a passenger train, hears a loud noise under the car as of something striking the bottom, and goes to the side door of the car and puts out his head to see and is struck on the nose by a flying stone knocked out of the track by the loose end of the air hose connecting the cars, the question of his contributory negligence should be submitted to the jury.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Sechorn,* Judge.

AFFIRMED.

*Reinhardt & Schibsby* for appellant.

(1)   The question of plaintiff's negligence should never be submitted to the jury where there is no dispute as to the facts and where on such facts no fair difference of opinion can exist as to the presence or absence of such negligence. Beach on Contributory Negligence (2 Ed.), secs. 446, 447, 449; Am. and Eng. Ency. of Law (2 Ed.), p. 456; Glaser v. Rothschild, 120 S. W. 1-9; Kelly v. Stewart, 93 Mo. App. 47; Brown v. Railroad, 31 Mo. App. 661; Charlton v. Railroad, 200 Mo. 440; Fowler v. Randall, 99 Mo. App. 414; Nephler v. Woodward, 200 Mo. 187; Goodloe v. Railroad, 120 Mo. App. 194; Deland v. Cameron, 112 Mo. App. 707. (2) Where a person is confronted with a situation of real or apparent danger he is not required to exercise the cool judgment of a man who is no danger, and if he, under such circumstances, in good faith, chooses an alterna-

tive that results in injury he is not, on that account, chargeable with negligence. 29 Cyc., pp. 520, 521; 7 Am. and Eng. Ency. Law (2 Ed.), p. 399; Jones v. Boyce, 1 Starkie 493; Railroad v. Aspwall, 23 Pa. St. 147; Root v. Railroad, 195 Mo. 348.

*Robinson, Carkener & Robinson* for respondent.

(1) All of the evidence in the case being necessary to a complete understanding of the questions presented to this court for decision, the appeal should be dismissed because appellants' abstract fails to set forth all the evidence. R. S. 1899, sec. 843; Rule 15, Kansas City Court of Appeals; Rutledge v. Tarr, 95 Mo. App. 265; Dixon v. Thomas, 91 Mo. App. 364; Jackson v. Railroad, 85 Mo. App. 443; Bowlin v. Crell, 63 Mo. App. 229; Johnson v. Carrington, 120 Mo. 315; Nolan v. Johns, 126 Mo. 159; Whitehead v. Railroad, 176 Mo. 475; Nash v. Brick Co., 109 Mo. App. 600; Mink v. Chesney, 110 Mo. App. 334. (2) The presumption is in favor of the action of the trial court, where it grants a new trial upon a ground that goes to all the evidence in the case, and its discretion in this respect should not be interfered with, unless it plainly appears that injustice has been done. State ex rel. v. Todd, 92 Mo. App. 1; Sinclair v. Lead & Zinc Co., 87 Mo. App. 268; Baker v. Independence, 85 Mo. App. 180; Bank v. Armstrong, 92 Mo. 280; Bank v. Wood, 124 Mo. 72; Haven v. Railroad, 155 Mo. 216; Van Lieu v. Beverage Co., 144 Mo. 514. (3) Under the evidence, whether plaintiff was guilty of contributory negligence was a question for the jury. Every reasonable intendment or inference to be drawn from the evidence in support of the finding of the trial court must be adopted. B. & L. Assn. v. Grocer Co., 82 Mo. App. 245; Caldwell v. Van Ripper, 84 Mo. App. 563. (4) A passenger has no right to voluntarily extend his person beyond the line of a moving car, and, if he does so, and is injured, he is, as a matter of law, guilty of contributory negligence.

Christensen v. Railroad, 137 Fed. 708; Railroad v. Roeser, 95 N. W. 68, 31 Am. and Eng. R. Cas. (N. S.), 493; Flynn v. Traction Co., 52 Atl. 369; Benedict v. Railroad, 90 N. W. 360, 26 Am. and Eng. R. Cas. (N. S.) 701; Clarg v. Railroad, 31 So. 886. (5) The question of the reasonableness of plaintiffs' apprehension of impending danger was one for the jury to decide under all the facts and circumstances of the case. Chitty v. Railroad, 148 Mo. 64; McPeak v. Railroad, 128 Mo. 642 et seq. (6) Plaintiff cannot plead one cause of action and recover upon another not pleaded, notwithstanding the other would be a good cause of action if properly pleaded. Chitty v. Railroad, 148 Mo. 65; Yarnell v. Railroad, 113 Mo. 570; Waldhier v. Railroad, 71 Mo. 514; Melvin v. Railroad, 89 Mo. 106; Price v. Railroad, 72 Mo. 414; Woods v. Campbell, 110 Mo. 572. (7) There being no proof of negligence, plaintiff was only entitled to recover upon showing that he occupied the position of a passenger. There was no proof that he was riding upon the train by virtue of a contract between defendant and the United States. Magoffin v. Railroad, 102 Mo. 540; Mellor v. Railroad, 105 Mo. 455.

ELLISON, J.—Plaintiff was an assistant or helper to the mail carrier on one of defendant's trains. He was injured, and charges it to defendant's negligence. He obtained a verdict in the trial court which was afterwards set aside and a new trial granted. He thereupon appealed.

The new trial was granted for the reason that the trial court thought error had been committed in submitting the case to the jury on the theory that as a matter of law plaintiff had not been guilty of contributory negligence, and in refusing to submit the question of his contributory negligence.

It is undoubtedly true that in a case where there could not be two opinions in the minds of reasonable

men, a trial court may peremptorily declare that the plaintiff has not been guilty of contributory negligence. It may do so in plaintiff's favor as well as it could declare that as a matter of law there was contributory negligence on his part. [Brown v. Railroad, 31 Mo. App. 661; Beach on Contributory Negligence, secs. 447-449.]

But in this case the question of his negligence should have been submitted to the judgment of the jury and the court was right in granting a new trial.

The evidence disclosed that while riding in the mail car, the train going at a high rate of speed, the hose or air coupling extending along under the train became separated between the mail car and the tender to the engine. That it made a loud rapping noise under the car by being dragged along in that suspended or "dangling" position. The noise was so unusual that it alarmed plaintiff and he says he did not know what was the matter, and with the intention of seeing, if he could, he went to the door in the side of the car, put out his head and looked out, when he was struck by a stone on the nose. The theory plaintiff advances is that the dragging hose had a metal end or "knuckle," and that this, striking the ballast stones in and at the side of the track, threw them into the air, one striking his outstretched nose. It seems clear that the jury should have been allowed to consider whether his leaving his safe position and going to the door was contributory negligence.

The judgment is affirmed. All concur.